IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VINCENT MUNDY | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| CITY OF PHILADELPHIA COUNTY OF PENNSYLVANIA, et al. | : | NO. 13-5045 |

MEMORANDUM

STENGEL, J.                                                 AUGUST     , 2013

Vincent Mundy, a prisoner incarcerated at the State Correctional Institution at Mahanoy, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the City of Philadelphia, the Pennsylvania Department of Corrections, and SCI-Mahanoy, based on his allegedly illegal incarceration. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I.   FACTS[1]

In 1990, plaintiff was convicted of murder in the Philadelphia Court of Common Pleas and sentenced to life imprisonment. He sought post-conviction relief, but was unsuccessful. He also unsuccessfully sought habeas relief in federal court. See Mundy v. Dragovich, E.D. Pa. Civ. A. No. 06-1246; Mundy v. Dragovich, E.D. Pa. Civ. A. No. 96-6023.

---

[1] The facts are taken from the complaint, documents attached to the complaint, and the publicly available records of plaintiff's criminal and habeas proceedings.

1

In August 2012, plaintiff learned that the Department of Corrections ("DOC") did not have in its possession his "sentencing order as signed by judge." (Compl. Ex. A.) He subsequently filed a petition for a writ of habeas corpus in the civil trial division of the Court of Common Pleas, presumably based on that discovery; the petition was transferred to the criminal division and remains pending. Plaintiff later filed the instant case, asserting that he has been illegally detained for the past 27 years, because the DOC does not have the original sentencing order as signed by the judge. Plaintiff seeks immediate release from imprisonment and millions of dollars in damages.

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

2

Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's request for injunctive relief in the form of immediate release from imprisonment will be dismissed as frivolous because such relief is not available in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). His remaining claims against the Pennsylvania Department of Corrections and SCI-Mahanoy will be dismissed as frivolous because those defendants are entitled to Eleventh Amendment immunity from plaintiff's civil rights claims and, in any event, are not "persons" for purposes of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) (a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000)

(Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"). Nor has plaintiff stated a claim against the City of Philadelphia, as he has not alleged any facts to support liability against the city.[2] To the contrary, the entire complaint is focused on the nonexistence of a particular record in the DOC's files.

Although a district court should generally provide a pro se plaintiff with leave to amend, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), amendment would be futile here because plaintiff cannot cure the deficiencies in his complaint. Accordingly, he will not be permitted to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.

---

[2] In the event that plaintiff sought to challenge his pretrial custody from 1986 through 1990, his claims are time-barred. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also 42 Pa. Cons. Stat. § 5524.

4